# IN THE COURT OF APPEALS OF IOWA

No. 24-1512
Filed April 15, 2026

**Mark Bernard Retterath,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Mitchell County,
The Honorable Chris Foy, Judge.

**AFFIRMED**

Stuart G. Hoover, East Dubuque, Illinois, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., and Badding and Langholz, JJ.
Opinion by Tabor, C.J.

1

**TABOR, Chief Judge.**

Mark Retterath challenges the dismissal of his application seeking relief from his conviction for third-degree sexual abuse. He alleges defense counsel provided ineffective assistance by not moving to sever that count from two charges arising from his plot to poison the sexual abuse victim. Because Retterath did not raise this appellate claim in the district court, it is unpreserved. So, without reaching the merits, we affirm the denial of relief.

In August 2016, a jury convicted Retterath of sexual abuse, solicitation to commit murder, and attempted murder. On appeal, we affirmed the sexual abuse conviction, conditionally affirmed the solicitation conviction,[1] and reversed the attempted murder conviction. *Retterath*, 2017 WL 6516729, at *1.

In March 2020, Retterath applied for postconviction relief from the sexual abuse conviction, alleging three grounds for relief. He supplemented his petition two months later, adding three more grounds. Two of those new grounds alleged his attorney at the criminal trial was ineffective.

Here are the six grounds:

Ground 1. His constitutional right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article One, Section Ten of the Iowa Constitution was denied when he was prosecuted for sexual abuse in the third degree at the same time as his

---

[1] We remanded for the district court to perform an in camera review of counseling records for two prosecution witnesses to determine whether they contained exculpatory evidence. *State v. Retterath*, No. 16–1710, 2017 WL 6516729, at *10–12 (Iowa Ct. App. Dec. 20, 2017). Because Retterath failed to provide those records for the district court's review, it affirmed his solicitation-to-commit-murder conviction "by operation of law." *See State v. Retterath*, 974 N.W.2d 93, 102 (Iowa 2022) (finding Retterath had burden to acquire privileged records for review).

prosecution for attempted murder, a charge which was later dismissed, and his prosecution for solicitation to commit murder;

Ground 2. His constitutional right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Section Nine of the Iowa Constitution was denied when he was prosecuted for sexual abuse in the third degree at the same time as his prosecution for attempted murder, a charge which was later dismissed, and his prosecution for solicitation to commit murder;

Ground 3. His constitutional right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Section Nine of the Iowa Constitution was denied by the cumulative effect of the errors committed in his underlying criminal case;

Ground 4. His constitutional right to effective assistance of counsel was denied because his attorney in the underlying criminal case failed to object to a general verdict from the jury on his conviction of solicitation to commit murder;

Ground 5. His constitutional right to effective assistance of counsel was denied because his attorney in the underlying criminal case failed to challenge the admission and veracity of trial evidence presented by the State regarding his ownership of a Luger handgun; and

Ground 6. His constitutional right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article One, Section Nine of the Iowa Constitution was denied when the State presented misleading evidence at trial regarding his ownership of a Luger handgun.

Grounds four and five alleged ineffective assistance of counsel. But not the claim raised here. And the district court did not rule on a claim of ineffective assistance concerning defense counsel's disinclination to move to sever the charges.

Retterath contends that he preserved error because the district court "engaged in a generalized discourse on the topic of Ineffective Assistance of Counsel and the legal principles contained therein." On the matter of trying

3

"all three charges simultaneously," Retterath notes that the district court mentioned "counsel's failure to file a motion to sever."

To counter, the State explains that when the district court ruled on those severance-related challenges, "it didn't make any findings on whether Retterath's trial counsel had breached any duty by declining to file a motion to sever." We agree with the State. Retterath cannot claim that the court erred in granting relief on a claim that was not raised or decided. *See Ruiz v. State*, 18 N.W.3d 453, 457 (Iowa 2025) (repeating principle "that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal" (quoting *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012)).

Because we have nothing to review on appeal, we affirm the denial of postconviction relief.

**AFFIRMED.**